IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Albert Nathaniel Wright, | ) | C/A No.  2:07-2515-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Jon Ozmint; Stan Burtt; Adrian Martell; | ) | |
| R. Reeves; Robert Ward; Fred Thompson; | ) | |
| Thierry Nettles; Tim B. Roof; Gilbert Emrhein; | ) | |
| NFN Williams; J. Powell; Yvette Blowe; | ) | |
| Dr. Hutchinson; Dr. Smith; Dr. Blake; | ) | |
| Nurse D. Austin; Nurse D. Norwood; Nurse | ) | |
| Bazzille; Nurse C. Felder; Dr. Babbs, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Albert Nathaniel Wright, initiated this action pursuant to 42

U.S.C. § 1983.   The plaintiff, who is incarcerated at the South Carolina Department of

Corrections, contends that the defendants have not provided him with appropriate medical

care and treatment for a venous statis ulcer.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation ("Report") dated August 6, 2008 wherein he suggests that this court should

---

[1]

  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule
73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no
presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews
v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions
of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or
in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with
instructions.  28 U.S.C. § 636(b)(1).

grant the defendants' motion for summary judgment;[2] that all remaining defendants be dismissed for failure of service; and that this action be deemed a "strike" against the plaintiff under the Prison Litigation Reform Act. The Report sets forth in detail the relevant facts and standards of law on these matters, and the court incorporates such without a full recitation.

The plaintiff was advised of his right to file objections to the Report. However, he has failed to file any objections in this case.

Notwithstanding the plaintiff's failure to file objections, the court is convinced that the Magistrate Judge's recommended disposition is appropriate. As an initial proposition, any defendants who have not by now been served, shall be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The gist of the plaintiff's complaint is that he has not received the proper medical care while a state inmate for his venous statis ulcer condition. He also adds a claim that he was not treated properly when he was found to have violated prison rules in not respecting an officer.

With regard to Warden Burtt, the only named defendant against whom substantive allegations are directed, the Magistrate Judge points out that Burtt is not alleged to have personally taken any of the actions complained of in this case. In light of the fact that the doctrine of respondeat superior does not apply in such § 1983 actions, the Magistrate Judge opines that Warden Burtt is entitled to judgment as a matter of law. The Magistrate Judge further suggests that even if the plaintiff could establish a deficiency in medical care and

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.

some type of liability could be imputed toward Burtt, ordinary negligence is not actionable under 42 U.S.C. § 1983.

After a careful review of the record, the applicable law, and the Report, the court finds the Magistrate Judge's recommendation to be proper and such Report is incorporated herein by reference.  The motion by defendants Ozmint, Burtt, Martell, Reeves, Ward, Thompson, Nettles, Roof, Emrhein, Powell, Blowe, Blake, Austin, Norwood, and Babbs (the served defendants) is hereby granted.  All unserved defendants are hereby dismissed without prejudice.  It is further ordered that this case shall be deemed a "strike" against the plaintiff pursuant to 28 U.S.C. § 1915(g).

Plaintiff's motion for appointment of counsel is denied.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

October 7, 2008                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

3